UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**BILLY WAYNE BROOKS**                                                                    **PETITIONER**

**v.**                                                                **CIVIL ACTION NO. 5:12-CV-P27-R**

**UNITED STATES MARSHAL**                                                            **RESPONDENT**

### MEMORANDUM OPINION

Petitioner has filed a petition for writ of mandamus in which he seeks to have the U.S. Marshal Service transport him to a bank to review records. He seems to make this request in the context of an action he believes he has against the Franklin Bank and Trust Company, although there is no such action in this Court. He attaches to his petition a request for production of documents from the Franklin Bank and Trust Company having to do with the closing of his checking account in 2004.

It is axiomatic that federal district courts are courts of limited jurisdiction. "As courts of limited jurisdiction, federal courts may exercise only those powers authorized by the Constitution and statute." *Fisher v. Peters*, 249 F.3d 433, 444 (6th Cir. 2001). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Rule 81(b) of the Federal Rules of Civil Procedure abolishes the writ of mandamus. Title 28 United States Code § 1651 does allow federal courts to issue all writs necessary to enforce the law in their respective jurisdictions, including writs in the nature of mandamus. *Haggard v. Tennessee*, 421 F.2d 1384, 1385 (6th Cir. 1970). Generally, the federal courts can only issue writs of mandamus in aid of jurisdiction previously acquired on some other independent ground.

*Covington & Cincinnati Bridge Co. v. Hager*, 203 U.S. 109, 111 (1906)*; Haggard v. Tennessee*, 421 F.2d at 1385*; State of Wisconsin. v. First Fed. Sav. and Loan Ass'n*, 248 F.2d 804, 808 (7th Cir. 1957).  "[T]he extraordinary writ[] of mandamus . . . will be issued . . . only in extreme and unusual cases."  *Califano v. Moynahan*, 596 F.2d 1320, 1321 (6th Cir. 1979) (internal quotation marks and citation omitted).

Under 28 U.S.C. § 1361, the district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  However, before this statute's jurisdiction can be invoked, it is necessary to have a duty owed to the plaintiff.  Where no duty is owed, no mandamus jurisdiction exists under § 1361.  *Maczko v. Joyce*, 814 F.2d 308, 310 (6th Cir. 1987) ("The existence of jurisdiction under section 1361 is inextricably bound with the merits of whether a writ of mandamus should issue; in order to establish either jurisdiction or entitlement to the writ, a court must find that a duty is owed to the plaintiff."); *see also Giza v. Secretary of Health, Ed. and Welfare*, 628 F.2d 748, 752 (1st Cir. 1980); *City of Milwaukee v. Saxbe*, 546 F.2d 693, 700 (7th Cir. 1976) ("There can be no mandamus jurisdiction if no "duty" exists on the part of the defendants."); *Hamandi v. Chertoff*, 550 F. Supp. 2d 46, 54 (D.D.C. 2008) (holding where no law obligated the FBI to perform background checks, no mandamus jurisdiction existed regarding an action seeking to compel such performance).

The Marshal Service has no duty to Petitioner, a state prisoner.  Petitioner's status as a

state prisoner certainly does not entitle him to have travel arrangements provided by the Marshal Service at his whim.  Therefore, this action will be dismissed by separate Order.

Date:




cc:     Plaintiff, *pro se*
        Defendant
4413.009